Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6496 | **DATE** | 12/13/2001 |
| **CASE TITLE** | St. Paul Fire & Marine vs. TJ Lambrecht Construction | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 1/23/2002 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** We deny the Toll Authority's motion (Doc 6-1) to dismiss. Lambrecht's motion (Doc 5-1) is granted without prejudice. St. Paul is given a reasonable amount of time to join Escudero, the plaintiff in the underlying state suit, and refile their complaint with regard to Lambrecht.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 1 4 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 DEC 13 PM 2: 50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ST. PAUL FIRE & MARINE )
INSURANCE COMPANY, )
 )
       Plaintiff, )
 )
vs. ) 01 C 6496
 )
T.J. LAMBRECHT CONSTRUCTION )
COMPANY, INC., and ILLINOIS STATE )
HIGHWAY TOLL AUTHORITY, )
 )
       Defendants. )

DOCKETED
DEC 14 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motions to dismiss of Defendants T. J. Lambrecht Construction Company and the Illinois State Highway Toll Authority. For the reasons stated below, we deny the Toll Authority's motion and grant Lambrecht's motion without prejudice. The Plaintiff is given a reasonable period of time to join the party deemed necessary to this action.

## BACKGROUND

Defendant Illinois State Highway Toll Authority ("the Toll Authority") engaged three general contractors, Defendant T. J. Lambrecht Construction Company ("Lambrecht"), K-5 Construction Company, and Herlihy Mid-Continent Company, to perform repairs along Illinois state highways. The three general contractors employed

various subcontractors, including a firm called Alternate Construction Controls, Inc. ("ACCI"). The intersection of Interstate 355 and Boughton Road was one of the worksites for the repair project. In 1997, a K-5 Construction Company employee named Hugo Escudero was injured while working at the Boughton Road worksite. He has filed suit in the Circuit Court of Cook County, alleging *inter alia* that his injuries were caused by the lack of proper safety precautions at the site.

Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul"), an insurance company located in Minnesota, provides commercial general liability protection to ACCI. Lambrecht and the Toll Authority have tendered the Escudero action to St. Paul for defense, claiming that the protections of ACCI's policy extends to them.

St. Paul filed a declaratory judgment action in this court, seeking a declaration that they owe no duty to defend or to indemnify Lambrecht and the Toll Authority in the Escudero suit. In response, Lambrecht and the Toll Authority have filed motions to dismiss predicated on Rules 12(b)(7) and 12(b)(1), respectively.

## DISCUSSION

In their initial submissions in support of the instant motions, Lambrecht and the Toll Authority both couched their objections to the viability of St. Paul's complaint in terms of Illinois state law. Although the doctrine first stated in Erie R.R. Co. v. Tompkins, 58 S.Ct. 817 (1938), requires a federal court sitting in diversity to apply state substantive law, without question, federal procedures apply in federal courts. Accordingly, for the purposes of the instant motions to dismiss, we measure the

sufficiency of St. Paul's motion only against the requirements of Federal Rules of Civil Procedure 12 and 19.

Because each defendant has chosen to challenge the complaint on different grounds, we consider the motions separately. As a preliminary matter applicable to both motions, we note that St. Paul's request that we rule on their duty to indemnify under the ACCI policy is premature. Seventh Circuit case law makes clear that a district court cannot accurately assess an insurer's duty to indemnify in a case such as this one until the underlying lawsuit is resolved. See, e.g., Grinnell Mut. Reinsurance Co. v. Reinke, 43 F.3d 1152 1154 (7th Cir. 1995); Community Foundation for Jewish Education v. Federal Ins. Co., 2000 WL 520924, at *1 (N.D. Ill. 2000). Until the outcome of the Escudero suit is finalized, our proper course is to stay the portion of St. Paul's motion pertaining to their duty to indemnify. Accordingly, our ruling today impacts only the duty to defend aspect of this action.

## A. Failure to Join Necessary and Indispensable Parties

Lambrecht's motion maintains that without the presence of Escudero, the state suit plaintiff, and ACCI, the named insured, St. Paul's complaint is fatally deficient under Rules 12(b)(7) and 19.

Rule 19 assesses whether a party who has not been joined in a pending action is necessary and indispensable to its just adjudication. Section (a) states that a person shall be joined as a party if (1) complete relief cannot be given without that person's presence or (2) that person has an interest relating to the action and the absence may

impair or impede the ability to protect the interest or open existing parties to a risk of multiple or inconsistent obligations. Section (b) addresses whether a party will be joined when joinder is not feasible because the joinder would destroy the court's jurisdiction or render venue improper. Both ACCI and Escudero are Illinois parties who would not affect the jurisdiction or venue of this action, so we need only look to Rule 19(a).

Because we could award complete relief in this case with only the entities already parties to the litigation, subsection (a)(2) provides the applicable guidance for Lambrecht's motion. Applying this analysis, we conclude that ACCI is not a necessary party to this action. Their interest is sufficiently protected by St. Paul's presence, and ACCI has no incentive to relitigate St. Paul's obligations to Lambrecht. The same cannot be said of Escudero. St. Paul argues that courts in our district have held that an injured party's interest in a declaratory judgment action involving insurance coverage is sufficiently similar to that of the insured. That statement is true with regard to cases filed by insured parties seeking declarations of coverage, because the injured party's interest in an affirmation of coverage is adequately protected. See, e.g., Winklevoss Consultants, Inc., v. Federal Ins. Co., 174 F.R.D. 416, 417-18 (N.D. Ill. 1997) (collecting cases). However, when the action is instituted not by the insured but by the insurer, to find that the underlying action does not fall within the purview of the disputed policy, an absent injured party runs the risk being bound to a default judgment of noncoverage if the named defendants do not actively pursue their

defense. <u>Fathers of the Order of Mount Carmel, Inc. v. Nat'l Ben Franklin Ins. Co.</u>, 697 F. Supp. 971, 973 (N.D. Ill. 1988). As such, in a case with a procedural posture like this one, an injured party is necessary to the proper adjudication of the declaratory judgment. Although the <u>Winklevoss</u> court indicated that, in that case, the injured party had "no stake in which lawyers defend[ed the insured]," <u>Winklevoss</u>, at 418, that situation differs from St. Paul's. A determination of their duty to defend Lambrecht rests upon a decision whether Lambrecht qualifies as an additional insured at all under the policy. Clearly, what is at stake for Escudero in such a decision is more than just what lawyers represent Lambrecht, making the <u>Winklevoss</u> reasoning inapposite.

**B. Lack of Subject Matter Jurisdiction**

The Toll Authority asserts that St. Paul's claims against it are no longer a justiciable matter and therefore that we lack subject matter jurisdiction to consider the case against them. They base this argument on the fact that under the seventh and most recent amended complaint in the Escudero suit, they have not tendered the action to St. Paul for a defense.

As St. Paul correctly points out, however, the Toll Authority tendered the previous six complaints to St. Paul, thus providing them with potential claims of breach of contract if they are found to be covered under the ACCI policy as well as claims to legal fees incurred in defense of the now defunct complaints. A defendant cannot moot a case with a voluntary cessation of contested conduct and a mere

informal promise or assurance that it will not resume. <u>Winokur v. Bell Federal Savings and Loan Ass'n</u>, 560 F.2d 271, 274 (7th Cir. 1977); <u>Burbank v. Twomey</u>, 520 F.2d 744, 748 (7th Cir. 1975). Without release of these claims and a reasonable indication that the Toll Authority will not tender the suit for defense again, the controversy between these parties remains alive and well.

## CONCLUSION

For the foregoing reasons, we deny the Toll Authority's motion to dismiss. Lambrecht's motion is granted without prejudice. St. Paul is given a reasonable amount of time to join Escudero, the plaintiff in the underlying state suit, and refile their complaint with regard to Lambrecht.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: December 13, 2001